# ALTAMIRA CONSTRUCTION CORPORATION v HAYS

## Case No. CL 89-4352 AG

Fifteenth Judicial Circuit, Palm Beach County

December 5, 1990

## APPEARANCES OF COUNSEL

**Arthur C. Koski, Esquire,** for plaintiff.

**Steven Warm, Esquire,** for defendants.

## OPINION OF THE COURT

STEPHEN A. RAPP, Circuit Judge.

### *COST JUDGMENT*

This action was tried before the Court and this Court has previously entered a Final Judgment dated June 19, 1990, specifically reserving jurisdiction to consider an application for fees and costs.

Pursuant to the Final Judgment of this Court a hearing was held on

September 6, 1990, wherein the Court found that Defendants Hays were entitled attorneys fees pursuant to F. S. 713.31 (1989) and further found that Defendants Hays would be entitled to costs.

Based on the evidence presented as to the issues of attorneys fees and costs the Court finds that:

1. The Plaintiff Altamira concedes that the amount of hours (approximately 106) and the amount of the hourly rate charged, ($150.00 per hour) are reasonable. However Altamira asserts that Hays' fees should be limited to time spent in defending the lien claim and proving that it was willfully exaggerated and should not be able to recover for work spent with regard to their affirmative claims and other defenses. The Court agrees with this proposition. It is difficult to differentiate between what was necessary to prove the lien exaggerated and Plaintiff's affirmative claims. However, after review of the pleadings, the testimony and evidence presented and the summary of the time charges the Court finds that the sum of $10,000.00 is reasonable and is awarded.

Altamira is awarded costs of $4,623.00 as the prevailing party on its contract claim. It seems logical that this sum should be set off against the $10,000.00 awarded to Hays.

Wherefore it is ADJUDGED that Alan Hays and Jennifer Hays have and recover from the Plaintiff Altamira Construction Corporation the sum of $5,377.00 that shall bear interest at the rate of 12% per year for which let execution issue.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida, this 5th day of December, 1990.